■ AUSTIN LEWIS, Respondent, v IRA W. MENSHER et al., Defendants, and MARVIN ROBERTS, Appellant.—In a medical malpractice action, defendant Roberts appeals from an order of the Supreme Court, Kings County, dated November 23, 1979, which denied his motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and defendant Roberts' motion is granted. The issue presented is whether appellant

was in any way involved in plaintiff's care or treatment or, more properly, whether there exists a genuine factual issue as to his alleged involvement. To defeat a motion for summary judgment, one must normally produce evidentiary proof in admissible form or demonstrate an acceptable excuse for failure to meet such requirement *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Close examination of the depositions submitted upon the motion reveals that plaintiff's identification of appellant as the treating radiologist was based solely upon alleged statements by his surgeon, defendant Mensher, made before the radiation treatments, that appellant would be administering them. No affidavit or deposition of defendant Mensher is submitted in support of plaintiff's position. The proffered proof of appellant's involvement is, therefore, pure hearsay and plaintiff has failed to explain his inability to come forth with probative evidence in admissible form. Even if plaintiff's proof were to be held admissible upon a trial, appellant's motion for summary judgment must still be granted. Plaintiff's evidentiary proof simply cannot, as a matter of law, overcome (1) appellant's sworn denial of involvement in plaintiff's care and treatment, (2) defendant Rivera's sworn admission that it was he, Rivera, who administered the radiation treatments to plaintiff, and (3) the entries in plaintiff's hospital records indicating that Rivera, not appellant, rendered such treatments. Rabin, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.