■ FELICITAS WELCH, Appellant, v COUNTY OF WESTCHESTER, Respondent, et al., Defendant.—In an action to recover damages for false imprisonment, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated November 6, 1987, as granted the motion of the defendant County of Westchester for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied without prejudice to renewal upon the submission of the required certificate of a second examining physician.

The trial court found that the respondent's papers in support of its motion for summary judgment established as a matter of law that it complied with Mental Hygiene Law § 9.37 (a) and on that basis concluded that its confinement of the plaintiff was privileged. We disagree. Mental Hygiene Law § 9.37 (a) requires, *inter alia,* that "[w]ithin seventy-two hours * * * after such admission, if the patient is to be retained for care and treatment beyond such time and [s]he does not agree to remain in such hospital as a voluntary patient, *the certificate of another examining physician * * * that the patient is*

*in need of involuntary care and treatment shall be filed with the hospital"* (emphasis added). The respondent did not offer proof that a second examining physician filed the appropriate certificate. Thus, the respondent has failed to show, as a matter of law, that its confinement of the plaintiff was privileged *(cf., Zuckerman v City of New York,* 49 NY2d 557; *Gonzales v State of New York,* 110 AD2d 810). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.