WILLIAM MURPHY et al., Respondents, v CARLETON AVENUE FAMILY DENTAL et al., Defendants, and J. MONTELIONE, Appellant. [691 NYS2d 184] —In an action to recover damages for dental malpractice, etc., the defendant J. Montelione appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 16, 1998, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant and the action against the remaining defendants is severed.

On November 29, 1993, the appellant treated the plaintiff William Murphy for a periodontal abscess of a tooth. He prescribed penicillin and advised Mr. Murphy to return to the dental facility for a comprehensive examination. On December 23, 1993, Mr. Murphy returned to the dental facility where he

was treated by another dentist, the defendant Ronald Myers, for a problem with a different tooth. Dr. Myers also prescribed penicillin. Mr. Murphy was seen again by Dr. Myers on December 28, 1993, and by the defendant Richard Haimes, on December 29, 1993. This dental malpractice action arises out of the plaintiff's treatment at the dental facility in December 1993.

The appellant moved for summary judgment dismissing the complaint insofar as asserted against him. In his motion, he demonstrated his entitlement to judgment as a matter of law by establishing that he had treated Mr. Murphy on only one occasion on November 29, 1993, that his treatment did not deviate from accepted dental practice, that he was no longer employed by the dental facility in December 1993, and that he was not involved in the allegedly negligent treatment of Mr. Murphy in December 1993 (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320).

In opposition to the motion, the plaintiffs contended that there were triable issues of fact as to whether the appellant was still employed by the facility in December 1993 and whether he treated Mr. Murphy during that time. The plaintiffs relied on pharmacy records and a prescription for penicillin, dated December 23, 1993, stamped with the appellant's name, but not bearing his signature.

Even if there is a question of fact as to whether the appellant was still employed by the dental facility in December 1993, the plaintiffs failed to rebut the appellant's prima facie showing that he did not treat Mr. Murphy after November 1993. The pharmacy records and prescription are insufficient to raise a triable issue of fact where, as here, Mr. Murphy did not identify the appellant as one of the dentists who treated him in December 1993, the dental facility records do not indicate that the appellant treated him during that time, and Dr. Myers admitted that he treated Mr. Murphy on December 23rd and prescribed the penicillin for him in the exact dosage reflected on the December 23rd prescription (*see, Latiff v Wyckoff Hgts. Hosp.*, 144 AD2d 650; *Lewis v Mensher*, 77 AD2d 562). Since the plaintiffs failed to raise an issue of fact as to whether the appellant treated Mr. Murphy after November 29, 1993, their dental expert's opinion, which was based on treatment rendered subsequent to that date, was insufficient to defeat the appellant's motion. S. Miller, J. P., Ritter, Altman and H. Miller, JJ., concur.