■ WESTHAMPTON CABINS & CABANAS OWNERS CORP., Respondent, v WESTHAMPTON BATH & TENNIS CLUB OWNERS CORP., Appellant. MARION INGRASSIA et al., Intervenor-Respondents. [715 NYS2d 894] —In an action, *inter alia,* for a judgment declaring an amendment to a certain ground lease null and void, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated July 6, 1999, as, *sua sponte,* directed the plaintiff to continue to pay assessments to the defendant based on the "old assessment formula" and (2) from an order of the same court dated October 4, 1999, which granted the plaintiff's motion to consolidate this action with a summary proceeding pending in the Justice Court of the Town of Southampton entitled *Westhampton Bath & Tennis Club Owners Corp. v Westhampton Cabins & Cabanas Owners Corp.,* granted the motion of the shareholders of the plaintiff to intervene in the action, and denied its motion for summary judgment with leave to renew upon proof of proper service of the motion papers on the intervenors.

Ordered that on the Court's own motion, the appellant's notice of appeal from the order dated July 6, 1999, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order dated July 6, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 4, 1999, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly directed the plaintiff to continue to pay assessment fees under the old assessment formula previously used by the parties pending the determination of this action.

The Supreme Court also properly granted the motion of the shareholders of the plaintiff to intervene in the action, since they possess a sufficient interest in the subject matter of the action to warrant their intervention as additional plaintiffs (*see,* CPLR 1012 [a] [3]).

However, contrary to the parties' contentions, the order dated October 4, 1999, did not reach the merits of the defendants'

motion for summary judgment, but merely denied the motion with leave to renew after service of the motion papers upon the intervenors. Accordingly, we do not reach the parties' arguments concerning the substantive issues relating to summary judgment.

The Supreme Court properly granted the plaintiff's motion to consolidate a summary proceeding pending in the Justice Court of the Town of Southampton with this action, since common issues of fact and law exist in these two related matters, and the defendant failed to show that consolidation would prejudice a substantial right (*see, Fransen v Maniscalco,* 256 AD2d 305; *Moretti v 860 W. Tower,* 221 AD2d 191; *Amtorg Trading Corp. v Broadway & 56th St. Assocs.,* 191 AD2d 212). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.