■ LISA BERNAT, Respondent, v STEPHANIE WILLIAMS, Appellant. [916 NYS2d 614]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 7, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

In June 2009 the plaintiff allegedly terminated a five-year romantic relationship with Christopher Williams. According to the plaintiff, on July 9, 2009, at approximately 2:00 A.M., she entered her home and discovered that Williams had committed suicide in her bedroom with a "shot gun blast to the head." In September 2009, the plaintiff commenced the instant action against Williams's estate, inter alia, to recover damages for intentional infliction of emotion distress. Prior to discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion. We reverse.

Contrary to the Supreme Court's determination, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The tort of intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]). "[T]he 'requirements of the rule are rigorous, and difficult to satisfy' " (*Howell v New York Post Co.*, 81 NY2d at 122, quoting Prosser and Keeton, Torts § 12, at 60-61 [5th ed]). Under the particular facts of this case, the plaintiff failed to show, as a matter of law, that Williams acted with an intent to cause, or in disregard of a substantial probability of causing, severe emotional distress to the plaintiff (*see Roe v Barad*, 230 AD2d 839, 840 [1996]) and that she was caused to suffer "severe" emotional distress. Since the plaintiff failed to sustain her initial burden of establishing her prima facie entitlement to judgment as a matter of law, the burden did not shift to the defendant and we need not consider the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.

In light of our determination, we do not consider the parties' remaining contentions. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1219(A), 2010 NY Slip Op 50807(U).]**