■ MIHAIL MASIK, Appellant, v LUTHERAN MEDICAL CENTER, Defendant, and NAWAIZ AHMAD, Respondent. [939 NYS2d 95]—

The plaintiff underwent surgery, performed by the defendant Nawaiz Ahmad (hereinafter the defendant), to repair a deep laceration to his forearm. After the surgery, the plaintiff developed a granuloma in his forearm, requiring a second surgery, which was performed by nonparty Dr. Leonard Edelstein. Dr. Edelstein noted in his operative report that, during that procedure, "a

piece of rope" was removed from the plaintiff's arm. The plaintiff subsequently commenced this action to recover damages for medical malpractice. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion.

The defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting, inter alia, the affirmation of an expert who concluded that the surgery performed by the defendant was properly and timely performed, that the granuloma the plaintiff developed was a known complication and did not result from malpractice, and that the granuloma developed at some point between May and September 2007, i.e., after April 10, 2007, which was the date that the bill of particulars alleged that the defendant negligently failed to diagnose the granuloma. Further, as confirmed by a pathology report postdating Dr. Edelstein's operative report, the defendant's expert opined that the purported "piece of rope" removed from the plaintiff's arm was suture material purposefully left in the arm.

In opposition, the plaintiff, who did not provide an expert affirmation or rebut the defendant's showing that there was no foreign body inadvertently left in the defendant's arm, failed to raise a triable issue of fact, including as to the applicability of the doctrine of res ipsa loquitor (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 851 [2008]; *Johnson v Nouveau El. Indus., Inc.*, 38 AD3d 611 [2007]).

Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him was properly granted. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.