■ LINGFEI SUN, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [952 NYS2d 98]—

The plaintiff commenced two actions to recover damages for, inter alia, false imprisonment and medical malpractice after being involuntarily hospitalized on four separate occasions between August 2003 and September 2005. The defendants New York City Health and Hospitals Corporation, Elmhurst Hospital, Yuan Feng Chen, and Shanwan Chen (hereinafter collectively the First Action defendants), moved for summary judgment dismissing the complaint in the first action, and the defendants New York City Health and Hospitals Corporation, Elmhurst Hospital, Mihai Jordace, Li Yun, Richard Wang, Yuan Feng Chen, and Lee Hyekyung (hereinafter collectively the Second Action defendants), moved for summary judgment dismissing the complaint in the second action. After the defendants made their respective motions, the Supreme Court consolidated the actions in an order dated December 3, 2010. In an order dated February 28, 2011, the court denied that branch of the plaintiff's motion which was to vacate the December 3, 2010 order.

The power to order consolidation rests in the sound discretion of the court and should be granted in the interest of judicial economy where common issues of law or fact exist. Consolidation should not be granted where prejudice to a substantial right is shown (*see Skelly v Sachem Cent. School Dist.*, 309

AD2d 917 [2003]). Here, the plaintiff failed to show prejudice to a substantial right (*see Westhampton Cabins & Cabanas Owners Corp. v Westhampton Bath & Tennis Club Owners Corp.*, 277 AD2d 448 [2000]; *Okin v White Plains Hosp.*, 97 AD2d 399 [1983]). "The mere desire to have one's dispute heard separately does not, by itself, constitute a 'substantial right' " (*Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157, 162 [1970], *cert denied sub nom. Frederick Snare Corp. v Vigo Steamship Corp.*, 400 US 819 [1970], quoting *Matter of Symphony Fabrics Corp. [Bernson Silk Mills]*, 12 NY2d 409, 412 [1963]). Therefore, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate its order consolidating the subject actions.

The First Action defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action relating to the plaintiff's hospitalization beginning August 2, 2003, as time-barred (*see* CPLR 215, 214-a). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002]). The Supreme Court therefore properly granted that branch of the First Action defendants' motion which was for summary judgment dismissing the causes of action relating to the August 2, 2003, hospitalization.

As to the plaintiff's claims relating to her other hospitalizations, "[c]ommitment pursuant to Mental Hygiene Law article 9 is privileged in the absence of medical malpractice. Therefore, in order to prevail on her cause of action sounding in false imprisonment, the plaintiff must prove medical malpractice" (*Ferretti v Town of Greenburgh*, 191 AD2d 608, 610 [1993] [citations omitted]; *see Tewksbury v State of New York*, 273 AD2d 376 [2000]; *Matter of E.K. v State of New York*, 235 AD2d 540, 541 [1997]). On a motion for summary judgment dismissing a medical malpractice cause of action, a defendant must make a prima facie showing that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053 [2011]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 710 [2011]; *Stukas v Streiter*, 83 AD3d 18, 24-26 [2011]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant . . . so as to demonstrate the existence of a triable issue of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Stukas v Streiter*, 83 AD3d at 24). General allegations that are conclusory and unsupported by competent evidence tending

to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d at 711).

In support of their respective motions for summary judgment dismissing the claims relating to the remaining hospitalizations, the First Action defendants and the Second Action defendants (hereinafter collectively the defendants) submitted an affirmation of a psychiatrist who reviewed the plaintiff's medical records and found that each decision to involuntarily commit the plaintiff did not deviate from accepted standards of medical practice. In addition, the defendants submitted the plaintiff's medical records for each hospital stay which showed, inter alia, that the provisions of the Mental Hygiene Law were complied with for each commitment. Thus, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the false imprisonment and medical malpractice causes of action (*see Tewksbury v State of New York*, 273 AD2d at 376; *Ferretti v Town of Greenburgh*, 191 AD2d 608 [1993]; *Gonzalez v State of New York*, 110 AD2d 810, 812-813 [1985]; *cf. Welch v County of Westchester*, 150 AD2d 371 [1989]; *see also Matter of Robert K.*, 43 AD3d 922, 923 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. Since a medical diagnosis is outside the experience and knowledge of an ordinary lay person, the plaintiff was required to submit an expert medical opinion in opposition (*see Ferretti v Town of Greenburgh*, 191 AD2d at 610). The plaintiff submitted her own affidavit, which was insufficient to raise a triable issue of fact (*see Masik v Lutheran Med. Ctr.*, 92 AD3d 733, 734 [2012]; *Savage v Quinn*, 91 AD3d 748, 750 [2012]; *Thomas v Richie*, 8 AD3d 363, 364 [2004]; *Tewksbury v State of New York*, 273 AD2d at 376; *Matter of E.K. v State of New York*, 235 AD2d at 541; *Ferretti v Town of Greenburgh*, 191 AD2d at 608).

To the extent that the pleadings can be read to assert a cause of action to recover damages for intentional infliction of emotional distress, the defendants' submissions established that they did not engage in extreme and outrageous conduct or act with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress (*see Bernat v Williams*, 81 AD3d 679 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for

summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.