■ APF MANAGEMENT COMPANY, LLC, Doing Business as APF MASTER FRAMEMAKERS, Also Known as APF MUNN, Plaintiff/Counterclaim Defendant-Respondent, v MAX MUNN et al., Defendants/Counterclaim Plaintiffs-Appellants. CARL E. PETRILLO et al., Additional Counterclaim Defendants-Respondents, et al., Additional Counterclaim Defendant. [56 NYS3d 514]—

Appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated December 17, 2014. The order, insofar as appealed from, granted, in part, the motion of the plaintiff/counterclaim defendant and the additional counterclaim defendants to dismiss counterclaims asserted in the first amended answer and denied the cross motion of the defendants/counterclaim plaintiffs for leave to serve and file a second amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant/counterclaim plaintiff Max Munn (hereinafter Max) was previously employed as the president of the plaintiff/counterclaim defendant, APF Management Company, LLC, doing business as APF Master Framemakers, also known as APF Munn (hereinafter APF), a manufacturer and seller of high-end mirrors and frames, pursuant to an employment agreement. APF alleges, among other things, that Max, in violation of his employment agreement, formed a separate company, Munn Works, LLC, in order to compete with APF and solicit its current and prospective customers. APF commenced the instant action against Munn Works, LLC, as well as Max, his wife Laurie Munn, his daughter and former APF comanager and board member Molly Munn, and two former APF employees, Abbot Pedroso and Denise Krause (hereinafter collectively the counterclaim plaintiffs), to recover damages for, inter alia, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, interference with prospective economic relations, usurping corporate opportunities, and unfair competition. The counterclaim plaintiffs interposed an amended answer which, inter alia, asserted 18 counterclaims, 3 of which were discontinued, against APF, several of its members, and several of its employees (hereinafter collectively the counterclaim defendants).

Thereafter, the counterclaim defendants moved pursuant to CPLR 3211 (a) (7) to dismiss 14 of the remaining 15 counterclaims for failure to state a cause of action. The counterclaim plaintiffs opposed the motion and cross-moved pursuant to CPLR 3025 (b) for leave to serve and file a second amended answer, which added allegations in support of the fifth counterclaim. The Supreme Court granted the counterclaim defendants' motion to the extent of directing the dismissal of the second, third, fourth, fifth, eighth, eleventh, and fourteenth counterclaims in their entirety. The court also directed dismissal of the sixth, seventh, and ninth counterclaims to the extent that they were asserted by the counterclaim plaintiffs Molly Munn, Denise Krause, and Laurie Munn, or against the counterclaim defendants Carl E. Petrillo, Matthew J. Petrillo, Gregory J. Petrillo, Oudit Harbhajan, and Lauren Gottschalk. In addition, the court directed dismissal of the tenth counterclaim to the extent that it was asserted by the counterclaim plaintiffs Max, Molly Munn, Abbot Pedroso, Denise Krause, and Laurie Munn, or against the counterclaim defendants Carl E. Petrillo, Matthew J. Petrillo, Gregory J. Petrillo, Oudit Harbhajan, and Lauren Gottschalk. Finally, the court denied the counterclaim plaintiffs' cross motion. The counterclaim plaintiffs appeal from stated portions of the order.

Although the counterclaim plaintiffs do not challenge the Supreme Court's determination that the fifth counterclaim, as originally pleaded, failed to state a cause of action, the counterclaim plaintiffs contend that their proposed amendment to that counterclaim was sufficient to state a cause of action, and therefore the court should have granted them leave to amend their answer accordingly. The counterclaim plaintiffs also argue that the court erred in directing dismissal of the second, third, fourth, eighth, eleventh, and fourteenth counterclaims. In addition, the counterclaim plaintiffs argue that the sixth, seventh, and ninth counterclaims should not have been dismissed insofar as they were asserted by the counterclaim plaintiffs Molly Munn and Denise Krause, and that the sixth, seventh, ninth, and tenth counterclaims should not have been dismissed insofar as they were asserted against the counterclaim defendants Carl E. Petrillo, Matthew J. Petrillo, and Gregory J. Petrillo.

The Supreme Court providently exercised its discretion in denying the counterclaim plaintiffs' cross motion for leave to serve and file a second amended answer. Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Mastrokostas v 673 Madison, LLC*, 109 AD3d 459, 460 [2013]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]). Here, the proposed amendment was palpably insufficient and, thus, the cross motion was properly denied (*see Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 117 AD3d 1005, 1006 [2014]; *Petkanas v Kooyman*, 303 AD2d 303, 305 [2003]).

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), "[t]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[T]he pleading must be liberally construed, the factual allegations must be deemed true, and the pleading party must be accorded the benefit of every possible favorable inference" (*Michaan v Gazebo Hort., Inc.*, 117 AD3d 692, 692 [2014]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

Applying these principles here, the Supreme Court properly directed dismissal of the second, third, fourth, eighth, eleventh,

and fourteenth counterclaims. The second counterclaim, which sought to recover an attorney's fee and liquidated damages pursuant to Labor Law § 198 (1-a), was subject to dismissal because it failed to allege a violation of one or more substantive provisions of Labor Law article 6 (*see Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 463-464 [1993]). The third and fourth counterclaims, which alleged unjust enrichment and sought recovery in quantum meruit, respectively, were subject to dismissal in light of the existence of an enforceable contract governing the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Marc Contr., Inc. v 39 Winfield Assoc., LLC*, 63 AD3d 693, 695 [2009]).

With respect to the eighth counterclaim, which sought to recover damages for intentional infliction of emotional distress, the counterclaim plaintiffs failed to allege the required extreme and outrageous conduct (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Taggart v Costabile*, 131 AD3d 243, 249-251 [2015]; *Bernat v Williams*, 81 AD3d 679, 680 [2011]; *Bement v N.Y.P. Holdings*, 307 AD2d 86, 93 [2003]). Regarding the eleventh counterclaim, which was to recover damages for abuse of process, the counterclaim plaintiffs failed to allege that APF misused regularly issued process (*see Panish v Steinberg*, 32 AD3d 383 [2006]; *Varela v Investors Ins. Holding Corp.*, 185 AD2d 309, 311 [1992]). In the fourteenth counterclaim, which sought to recover damages for unfair competition, the counterclaim plaintiffs failed to allege that the counterclaim defendants misappropriated their "labors, skills, expenditures, or good will and displayed some element of bad faith in doing so" (*Abe's Rooms, Inc. v Space Hunters, Inc.*, 38 AD3d 690, 692 [2007]).

The counterclaim plaintiffs' remaining contentions, relating to the sixth, seventh, ninth, and tenth counterclaims, are without merit. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.