Eng v NYU Hosps. Ctr. (2019 NY Slip Op 04288)





Eng v NYU Hosps. Ctr.


2019 NY Slip Op 04288


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


9494 156810/14

[*1]Dorothy Eng, etc., Plaintiff-Respondent,
v
NYU Hospitals Center, Defendant-Appellant.


Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for appellant.
Raimond & Wong LLC, New York (Frank Raimond of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about April 26, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to the cause of action for negligence in maintaining and securing medical records, and otherwise affirmed, without costs.
Plaintiff's decedent first presented to defendant in early August 2013 after suffering a fall. Although she was ultimately medically cleared for discharge, one of defendant's physicians expressed concerns for the decedent's safety upon discharge. A psychiatric consultation was ordered, and it was determined that the decedent lacked the capacity to meaningfully participate in her discharge planning. This determination was corroborated by nonparty Martina Eng (Martina) - one of the decedent's daughters, her health care proxy, and a nurse employed by defendant - who informed the decedent's treating providers that her mother was unsafe and suffering from paranoid delusions. Accordingly, the decedent was involuntarily committed for psychiatric treatment and observation, which ultimately lasted more than 15 days. During this time, Martina used her credentials as an employee of defendant to gain access to her mother's medical records without authorization, and used the records in support of her application to obtain guardianship over her mother. Martina was later reprimanded by defendant for obtaining the decedent's medical records without authorization.
When the decedent eventually was transferred from defendant to a hospice facility, she named plaintiff — another daughter and the executor herein — as her health care proxy. Plaintiff confirmed that the decedent was not suffering from a psychiatric condition, and corroborated certain of the decedent's statements, which previously had been thought to be paranoid ideations. The decedent was discharged shortly thereafter, and passed away several months later from conditions unrelated to this action. Plaintiff commenced this action asserting causes of action for negligence in the maintenance of the decedent's medical records, negligent hiring, training, supervision, and retention of Martina, and false imprisonment.
The cause of action for negligence in maintaining and securing the decedent's medical records should have been dismissed, because the record demonstrates that Martina's improper gaining of access to the decedent's medical records was in furtherance not of defendant's business but of her own personal pursuit of guardianship over her mother (see Doe v Guthrie Clinic, Ltd., 22 NY3d 480, 484-85 [2014]; see also N.X. v Cabrini Med. Ctr., 97 NY2d 247, 252-53 [2002]). There is no evidence that defendant stood to benefit from Martina's being named the decedent's guardian.
As to the cause of action for negligent hiring, training, supervision, and retention of Martina, issues of fact exist as to whether defendant knew or should have known that Martina would use her credentials as an employee to gain access to her mother's medical records without authorization (see Doe, 22 NY3d at 485). Martina had made it clear to defendant's staff that she was pursuing guardianship over her mother, and she made inquiries to several members of staff about obtaining her mother's medical records to use as support for her guardianship application.
As to the cause of action for false imprisonment, defendant failed to establish prima facie that it complied with the procedural requirements of the Mental Hygiene Law concerning involuntary commitment and therefore that its commitment of the decedent was privileged as a matter of law (see Welch v County of Westchester, 150 AD2d 371, 371-372 [2d Dept 1989]; Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK