Wray-Davis v New York Methodist Hosp. (2020 NY Slip Op 04428)





Wray-Davis v New York Methodist Hosp.


2020 NY Slip Op 04428


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-14782
 (Index No. 4427/16)

[*1]Albertha Wray-Davis, appellant, 
v
New York Methodist Hospital, respondent.


Albertha Wray-Davis, Brooklyn, NY, appellant pro se.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Jacqueline Mandell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for false imprisonment and medical malpractice, the plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, dated November 20, 2018. The clerk's judgment, upon an order of the same court (Genine D. Edwards, J.) dated October 26, 2018, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the clerk's judgment (see CPLR 5512[a]).
ORDERED that the clerk's judgment is affirmed, without costs or disbursements.
Following her involuntary commitment to the defendant hospital, the plaintiff commenced this action to recover damages for false imprisonment and medical malpractice. The defendant moved for summary judgment dismissing the complaint. The motion was granted, and the plaintiff appeals.
"Commitment pursuant to Mental Hygiene Law article 9 is privileged in the absence of medical malpractice. Therefore, in order to prevail on her cause of action sounding in false imprisonment, the plaintiff must prove medical malpractice" (Ferretti v Town of Greenburgh, 191 AD2d 608, 610 [citations omitted]; see Lingfei Sun v City of New York, 99 AD3d 673, 675). On a motion for summary judgment dismissing a medical malpractice cause of action, a defendant must make a prima facie showing that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure (see Lingfei Sun v City of New York, 99 AD3d at 675; Stukas v Streiter, 83 AD3d 18, 24-26).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, among other things, an expert affirmation from a psychiatrist, who opined that neither the decision to involuntarily commit the plaintiff nor her treatment deviated from accepted standards of medical practice (see Lingfei Sun v City of New York, 99 AD3d at 676). In opposition, the plaintiff, who did not submit an expert's affirmation, did not raise a triable issue of fact (see Bethune v Monhian, 168 AD3d 902, 903; Lingfei Sun v City of New York, 99 AD3d at 676).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court