Deane v Tracer (2025 NY Slip Op 02568)

Deane v Tracer

2025 NY Slip Op 02568

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-02753
 (Index No. 518627/17)

[*1]Durlia Deane, appellant, 
v
Robert Tracer, etc., et al., respondents.

Garry Pogil, New York, NY, for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and Charles S. Schechter of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 13, 2021. The judgment, upon an order of the same court (Genine D. Edwards, J.) dated April 9, 2021, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof in favor of the defendant Robert Tracer and against the plaintiff dismissing the complaint insofar as asserted against that defendant; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Robert Tracer is denied, the order dated April 9, 2021, is modified accordingly, and the complaint insofar as asserted against that defendant is reinstated.
In April 2008, the plaintiff, based upon a referral from her primary care physician, presented to an ambulatory surgery center for a colonoscopy. The defendant Robert Tracer performed the procedure. According to the plaintiff, she subsequently experienced intermittent abdominal pain and sought medical treatment, but initial testing did not reveal the cause of her symptoms. In April 2017, after her intermittent symptoms allegedly had continued for years, the plaintiff presented to a hospital emergency room with complaints of abdominal pain, and a CT scan revealed the presence of a foreign body within her colon. The radiologist who reviewed the CT scan thought that the foreign body may have been an ingested bone, writing "questionable chicken bone" in his report. A few months later, the plaintiff's primary care physician referred the plaintiff for another colonoscopy, which was performed by Daniel Reich. In a medical report setting forth his findings from the colonoscopy, Reich opined that a "black tubular foreign body" was present in the plaintiff's colon. In August 2017, the plaintiff presented to a hospital for a laparascopic sigmoid colectomy procedure (hereinafter the August 2017 colectomy procedure) performed by Hans Burkholder. During that procedure, Burkholder removed the foreign body.
In September 2017, the plaintiff commenced this action against Tracer and the defendant Charles Bigajer, inter alia, to recover damages for medical malpractice. In her complaint, the plaintiff alleged that Bigajer performed the April 2008 colonoscopy with Tracer. In January 2020, the plaintiff filed a note of issue. Approximately six months later, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. By order dated April 9, 2021, the Supreme Court granted the defendants' motion, and a judgment was thereafter entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
As an initial matter, and contrary to the plaintiff's contention, the defendants' motion for summary judgment dismissing the complaint was timely. Pursuant to the Uniform Civil Term Rules of the Kings County Supreme Court, the parties were required to move for summary judgment no later than 60 days after the filing of the note of issue, unless they obtained leave of court upon good cause shown (see Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6; Souffrant v M & K Real Estate Assoc., LLC, 225 AD3d 914, 915). Since the plaintiff filed the note of issue on January 21, 2020, the deadline to move for summary judgment was initially March 23, 2020 (see General Construction Law §§ 20, 25-a[1]). However, days before that deadline, then-Governor Andrew Cuomo issued an executive order relating to the COVID-19 pandemic, which, among other things, tolled "any specific time limit for the . . . filing, or service of any . . . motion . . . , as prescribed by the procedural laws of this state" (Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]). He then "issued a series of nine subsequent executive orders that extended the . . . tolling period, eventually through November 3, 2020" (Brash v Richards, 195 AD3d 582, 583). Therefore, the defendants' motion, made on July 31, 2020, was timely (see id. at 584-585; B & H Flooring, LLC v Folger, 228 AD3d 809, 811-812).
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Santiago v Abramovici, 226 AD3d 720, 721 [internal quotation marks omitted]). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]). "If the defendant meets this burden, the plaintiff, in opposition, must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836 [internal quotation marks omitted]). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860). However, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898-899 [internal quotation marks omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (id. at 899 [internal quotation marks omitted]).
Here, in support of their motion, the defendants submitted, inter alia, the pleadings, the plaintiff's medical records from multiple providers, and transcripts of the depositions of the plaintiff, Tracer, and Burkholder. The defendants also submitted an affirmation from their expert, who was board certified in internal medicine with a subcertification in gastroenterology. The defendants' expert opined that Tracer did not depart from the applicable standards of care when performing the colonoscopy on the plaintiff in April 2008. To support this opinion, the defendants' expert asserted, among other things, that the foreign body discovered in the plaintiff's colon was "an ingested chicken bone or similarly ingested bone material," not an object relating to the colonoscopy. He also averred that, in any event, "no part of the colonoscope" utilized by Tracer "could have broken off during the . . . colonoscopy," and that "the plaintiff's clinical course following the . . . colonoscopy was inconsistent with the allegation of a retained foreign object from a colonoscopy," in part due to the timing of her pain complaints. Based on these submissions, the defendants established Tracer's prima facie entitlement to judgment as a matter of law dismissing the complaint [*2]insofar as asserted against him (see Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 916; Masik v Lutheran Med. Ctr., 92 AD3d 733, 734). Similarly, the defendants, through the affidavit of Bigajer, asserting that he never rendered any treatment to the plaintiff, demonstrated Bigajer's prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Murphy v Carleton Ave. Family Dental, 262 AD2d 376, 377; Lewis v Menshar, 77 AD2d 562, 562-563).
In opposition to the defendants' prima facie showing, the plaintiff raised a triable issue of fact with regard to whether Tracer deviated from applicable standards of care. The plaintiff submitted an affidavit from an expert (hereinafter the pathology expert), who was board certified in anatomic pathology with a focus on gastrointestinal pathology, annexing to the affidavit photomicrographs taken during the August 2017 colectomy procedure. Based, inter alia, on his review of histopathology slides from the August 2017 colectomy procedure, the pathology expert opined that the "tubular foreign object" removed by Burkholder "[wa]s composed of non-organic material," thereby creating a triable issue of fact as to whether the foreign body was an ingested bone. The plaintiff also submitted an affidavit from a general surgeon (hereinafter the surgeon expert) with training and experience performing endoscopies and colonoscopies. The surgeon expert opined that, within a reasonable degree of medical certainty, Tracer left the foreign body in the plaintiff's colon during the April 2008 colonoscopy and, thus, deviated from accepted standards of care. In support thereof, the surgeon expert asserted that the foreign body "was indeed a piece of the colonoscope used by [ ] Tracer during [the] colonoscopy" and, in effect, that the timing of the plaintiff's symptoms was not inconsistent with the April 2008 colonoscopy being the source of the foreign body, in part because it "did not take up the entire bowel lumen and was non-obstructive." Contrary to the defendants' assertion, the plaintiff's experts' opinions were not speculative and conclusory and, therefore, were sufficient to raise a triable issue of fact as to whether Tracer deviated from accepted standards of care (see Hall v Bolognese, 210 AD3d 958, 964; Ivey v Mbaidjol, 202 AD3d 1070, 1071; cf. James v Crystal, 267 AD2d 429, 430).
However, contrary to the plaintiff's contention, she failed to create a triable issue of fact in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Bigajer. Under the circumstances presented, the mere fact that Bigajer's name was listed on certain billing records along with a portion of Tracer's name was insufficient, without more, to create a triable issue of fact as to Bigajer's involvement in the April 2008 colonoscopy (see Murphy v Carleton Ave. Family Dental, 262 AD2d at 377).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Bigajer. However, the court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Tracer.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court