■ TRINIDAD MARTINEZ et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [852 NYS2d 70]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 9, 2006, which granted the motion of defendant New York City Housing Authority (NYCHA) to dismiss the complaint as against it with prejudice and denied plaintiffs' cross motion for leave to amend the notices of claim served against defendant City of New York nunc pro tunc to add NYCHA as a defendant, unanimously affirmed, without costs.

Dismissal of the complaint against NYCHA was appropriate in this action where plaintiffs were allegedly injured in an automobile accident involving a vehicle owned by the City and/or NYCHA. The City was served with timely notices of claims on behalf of all plaintiffs, but plaintiffs never served a notice of claim on NYCHA and never moved for leave to serve a late notice of claim even after becoming aware of this omission when served with NYCHA's answer within the limitations period of one year and 90 days (*see Urena v New York City Health & Hosps. Corp.*, 35 AD3d 446 [2006]). Contrary to plaintiffs' contention, a letter written to NYCHA by plaintiffs' counsel shortly after the accident alerting NYCHA to the accident cannot substitute for the notice of claim because it did not contain the requisite information, and NYCHA denies that the letter was ever received (*see Jones v City of New York*, 300 AD2d 359 [2002]). Furthermore, plaintiffs' cross motion to amend the notices of claim that had been timely served against the City to add NYCHA as a defendant was properly denied since it was made one year and seven months after the accident (*see Hall v City of New York*, 1 AD3d 254, 256 [2003]). NYCHA's waiver of its jurisdictional defenses does not warrant a different result (*see McCrae v City of New York*, 44 AD3d 306 [2007]). Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.