DANIEL TORRES, Respondent, v GREYHOUND BUS LINES, INC., Appellant, et al., Defendants. [852 NYS2d 521]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered April 4, 2007 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Greyhound Bus Lines, Inc. to dismiss the complaint against it.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Greyhound Bus Lines, Inc. is granted and the complaint against that defendant is dismissed.

Memorandum: Plaintiff commenced this action on December 6, 2005, seeking damages for injuries he sustained while he was a passenger on a bus. Defendant Greyhound Bus Lines, Inc. (Greyhound) moved to dismiss the complaint against it on the grounds that the action is time-barred and that plaintiff failed to state a cause of action against it (*see* CPLR 3211 [a] [5], [7]). We conclude that Supreme Court erred in denying the motion based on both grounds.

With respect to the statute of limitations, we note that

plaintiff alleged that he was injured on December 5, 2002, but that he was not permitted to seek medical attention until December 6, 2002, because of the length of the bus ride. Pursuant to CPLR 214 (5), a personal injury action must be commenced within three years of its accrual, and "[a] cause of action accrues for purposes of CPLR 214 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court' " (*Blanco v American Tel. & Tel. Co.*, 90 NY2d 757, 767 [1997], *rearg denied* 91 NY2d 922 [1998]; *see also Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]). "As a rule, the date of injury is the benchmark for determining the accrual of a cause of action" (*Blanco*, 90 NY2d at 767; *see also Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]). Because plaintiff's injury occurred on December 5, 2002, the applicable three-year statute of limitations had expired one day prior to the commencement of the action. With respect to the failure to state a cause of action, we note that plaintiff alleged with respect to Greyhound only that it sold him a ticket for the bus ride. According to plaintiff, other entities owned and operated the bus. Plaintiff was not injured during the transaction to purchase the ticket, and the mere sale of the ticket does not constitute a sufficient basis upon which to assert a cognizable cause of action against Greyhound. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.