Murphy v Harris (2022 NY Slip Op 06086)

Murphy v Harris

2022 NY Slip Op 06086

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 805347/20 Appeal No. 16564 Case No. 2021-02991 

[*1]Mary Murphy, as Executor of the Estate of Patrick J. Murphy, Jr., et al., Plaintiffs-Respondents,
v
Frederick Harris, et al., Defendants, Armando Saltiel, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for Armando Saltiel, appellant.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Garden City (Megan A. Lawless of counsel), for Imaging on Call, LLC, appellant.
Law Office of Brian Schochet, PLLC, New York (Brian Schochet of counsel), for respondents.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about July 6, 2021, which denied defendants Armando Saltiel, M.D.'s s/h/a Armando Saltiel and Imaging on Call, LLC's CPLR 3211(a)(5) motions to dismiss the complaint against them as barred by the applicable statute of limitations, unanimously affirmed, without costs.
Plaintiffs commenced this action on November 3, 2020. On February 12, 2021, plaintiffs served an amended summons and complaint naming Dr. Saltiel and Imaging on Call, alleging three causes of action: wrongful death, conscious pain and suffering, and loss of consortium and services, for certain acts committed on May 10, 2018. Plaintiffs further alleged that their decedent passed away on September 30, 2018.
Dr. Saltiel and Imaging on Call separately moved to dismiss the complaint against them as time-barred because the series of executive orders issued by then-Governor Andrew Cuomo, as a result of the COVID-19 pandemic, constituted only a suspension, not a toll, of the applicable statute of limitations. A toll suspends the running of the statute of limitations for a finite time period, whereas a suspension only delays the expiration of the time period until the end date of the suspension (Brash v Richards, 195 AD3d 582, 582 [2d Dept 2021]).
On March 20, 2020, Governor Cuomo signed Executive Order No. 202.8 in response to the public health crisis occasioned by the COVID-19 pandemic. As relevant here, the Executive Order "tolled" any "specific time limit for the commencement, filing, or service of any legal action . . . until April 19, 2020" (9 NYCRR 8.202.8). That toll was extended through several subsequent executive orders, the last of which remained in effect until November 3, 2020.
The subject executive orders constituted a toll of the applicable statute of limitations (see Brash, 195 AD3d at 582; Matter of Roach v Cornell Univ., 207 AD3d 931, 933 [3d Dept 2022]). As noted by the Second Department in Brash, the March 20, 2020 Executive Order expressly used the word "toll" and, "although the . . . executive orders issued after [Executive Order No. 202.8] did not use the word toll, those executive orders all . . . stated that the Governor hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive, made in the prior executive orders" (195 AD3d at 585 [internal quotations marks and citations omitted]). We agree with the Second Department that Executive Law § 29-a(2)(d) "indicates that the Governor is authorized to do more than just suspend statutes during a state disaster emergency; he or she may alter or modify the requirements of a statute, and tolling of time limitations contained in such statute is within that authority" (Brash, 195 AD3d at 585 [internal quotation marks and brackets omitted]).
Plaintiffs' wrongful death claim accrued on September 30, 2018 and had a two-year statute of limitations (EPTL 5-4.1). Plaintiffs' wrongful death [*2]claim was tolled on March 20, 2020 and had a remaining limitations period of six months and 10 days, which started to run again after November 3, 2020 (see Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020]; Matter of Roach, 207 AD3d at 933). Thus, plaintiffs' wrongful death claim was timely on February 12, 2021. Irrespective of whether plaintiffs' conscious pain and suffering and loss of consortium claims sounded in medical malpractice or general negligence, it is undisputed that these claims accrued on May 10, 2018. The statute of limitations for a medical malpractice claim is 2½ years (CPLR 214-a) and the statute of limitation for other personal injury claims is three years (CPLR 214). On March 20, 2020, these claims had a remaining limitations period of seven months and 20 days and one year, one month and 20 days, respectively. Thus, plaintiffs' conscious pain and suffering and loss of consortium claims were also timely on February 12, 2021.
We have considered defendants' remaining contentions and find them
unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022