Gabin v Greenwich House, Inc. (2022 NY Slip Op 06428)

Gabin v Greenwich House, Inc.

2022 NY Slip Op 06428

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 155015/21 Appeal No. 16651 Case No. 2022-00210 

[*1]Sandra Gabin, Plaintiff-Appellant,
v
Greenwich House, Inc., Defendant-Respondent.

The Seltzer Law Group P.C., New York (Steven Seltzer of counsel), for appellant.
Jackson Lewis P.C., White Plains (Rebecca McCloskey of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 30, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint on the ground that plaintiff's employment discrimination action was untimely, unanimously reversed, on the law, without costs, and the motion denied.
The limitations period for claims of age discrimination under the State and City Human Rights Laws is three years (see CPLR 214[2]; Administrative Code of City of NY § 8-502[d]). An employment discrimination claim "accrues on the date that an adverse employment determination is made and communicated to the plaintiff" (Cordone v Wilens & Baker, P.C., 286 AD2d 597, 598 [1st Dept 2001]).
Plaintiff's action, asserting claims of age discrimination under the New York State Human Rights Law (Executive Law § 296[1][a]) and the New York City Human Rights Law (Administrative Code § 8-107), was timely commenced, as the three-year statute of limitations was tolled by her filing of a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) (see Martinez-Tolentino v Buffalo State Coll., 277 AD2d 899 [4th Dept 2000]; see also DeNigris v New York City Health & Hosp. Corp., 861 F Supp 2d 185 [SD NY 2012]; Butler v New York Health & Racquet Club, 768 F Supp 2d 516, 536 [SD NY 2011]; Nixon v TWC Admin. LLC, 2017 WL 4712420 at *3-4, 2017 US Dist LEXIS 160175, *8-10 [SD NY, Sept. 27, 2017, No. 16-CV-6456 (AJN)]). The filing of an EEOC charge constitutes a simultaneous and automatic filing with the New York State Division of Human Rights (SDHR) due to a work-sharing agreement between the two agencies (see Butler, 768 F Supp 2d at 536).
Moreover, Administrative Code § 8-502(d) provides, "[u]pon the filing of a complaint with the city commission on human rights or the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three-year limitations shall be tolled." The interplay between the EEOC/SDHR work-sharing agreement and the tolling provision in § 8-502(d) "indicates that a charge filed with the EEOC would also toll the statute of limitations period for [City HRL] claims" (Nixon, 2017 WL 471420 at *3, 2017 US Dist LEXIS at *8).
In any event, the statute of limitations on plaintiff's Human Rights Law claims were tolled by Executive Order 202.8 (9 NYCRR 8.202.8) and the subsequent nine
orders issued by Governor Andrew Cuomo during the COVID-19 pandemic (see Murphy v Harris, __AD3d__, 2022 NY Slip Op 06086 [1st Dept 2022]; Brash v Richards, 195 AD3d 582 [2d Dept 2021]). Thus, plaintiff's action, commenced on May 22, 2021, was timely. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022