Matter of New York City Tr. Auth. v American Tr. Ins. Co. (2022 NY Slip Op 07508)

Matter of New York City Tr. Auth. v American Tr. Ins. Co.

2022 NY Slip Op 07508

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 453408/21 Appeal No. 17009 Case No. 2022-03798 

[*1]In the Matter of New York City Transit Authority, Petitioner-Appellant,
v
American Transit Insurance Company, Respondent-Respondent.

Jones Jones, LLC, New York (Jacqueline R. Mancino of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (Neil Khiani of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 2, 2022, which denied New York City Transit Authority's petition to confirm an arbitration award and for additional relief, and dismissed the proceeding as barred by the statute of limitations, unanimously reversed, on the law, without costs, and the petition granted.
On March 20, 2020, the Governor signed Executive Order No. 202.8 in response to the public health crisis occasioned by the COVID-19 pandemic. As relevant here, the Executive Order "tolled" any "specific time limit for the commencement, filing, or service of any legal action . . . until April 19, 2020" (9 NYCRR 8.202.8). That toll was extended through several subsequent executive orders, the last of which remained in effect until November 3, 2020 (see Gabin v Greenwich House, Inc., __ AD3d __, 2022 NY Slip Op 06428 [1st Dept 2022]; Murphy v Harris, __ AD3d __ 2022 NY Slip Op 06086 [1st Dept 2022]).
As a threshold matter, although petitioner's affirmation in support of its petition to confirm the underlying arbitration award mistakenly stated that the statute of limitations, pursuant to the Governor's Executive Orders, was tolled from March 20, 2020 through August 5, 2020, as opposed to November 3, 2020, petitioner's argument may be considered on this appeal as an exception to the preservation rules, as it is a purely legal argument (see Rojas-Wassil v Villalona, 114 AD3d 517, 518 [1st Dept 2014]).
Upon such consideration, we find that petitioner's cause of action was timely. Specifically, the cause of action accrued on March 5, 2020 (see CPLR 7510), and was tolled on March 20, 2020, when the Governor's Executive Order tolling the statute of limitations went into effect, remaining so through November 3, 2020. After that date, the remainder of the 350-day statute of limitations period began to run again, expiring on October 20, 2021. Thus, the petition filed on October 19, 2021 was timely (see Murphy v Harris, 2022 NY Slip Op 06086 at *2).
Moreover, because respondent did not seek to vacate or modify the award on any ground specified in CPLR 7511, or any ground at all, the award may be confirmed to the extent that it directed payment to petitioner in the amount of $25,000, plus interest accrued from March 20, 2020 (see Matter of Granet & Assoc., Inc. v Thom Filicia, Inc., 159 AD3d 573 [1st Dept 2018]; Matter of Bernstein Family Ltd. Partnership v Sovereign Partners, L.P., 66 AD3d 1, 3 [1st Dept 2009]).
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022