Cortes v City of New York (2024 NY Slip Op 02010)

Cortes v City of New York

2024 NY Slip Op 02010

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 153376/22 Appeal No. 2059 Case No. 2023-02877 

[*1]Emily Cortes, Plaintiff-Appellant,
v
The City of New York, Defendant, New York City Housing Authority, Defendant-Respondent. 

Provenzano Law Firm PLLC, New York (Vincent F. Provenzano of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered February 28, 2023, which granted defendant New York Housing Authority's motion to dismiss the complaint as against it, and denied plaintiff's cross-motion for an order deeming the summons and complaint to be timely served, unanimously affirmed, without costs.
Plaintiff's accident occurred on June 29, 2020, and the applicable statute of limitations to commence her action against defendant was one year and 90 days (see Martinez v City of New York, 48 AD3d 257, 257 [1st Dept 2008]). At the time of the accident, Executive Order 202.8 was in effect as a result of the COVID-19 pandemic, which tolled the time to commence the action until November 4, 2020. Plaintiff's time to commence the action was therefore extended to February 1, 2022. Her commencement of the action on April 20, 2022, was therefore untimely (see Matter of New York City Tr. Auth. v American Tr. Ins. Co., 211 AD3d 643, 643 [1st Dept 2022]; Brash v Richards, 195 AD3d 582, 583-584 [2d Dept 2021]).
Given that plaintiff commenced the action after the statute of limitations lapsed (CPLR 201; Matter of Thorton v New York City Hous. Auth., 100 AD3d 556, 557 [1st Dept 2012]), this Court cannot deem the complaint as timely served. In any event, even if she had commenced the action within the applicable limitations period, plaintiff has failed to demonstrate good cause for failing to serve the summons and complaint within 120 days of filing (see CPLR 306-b).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024