Paul v Lyons (2024 NY Slip Op 05661)

Paul v Lyons

2024 NY Slip Op 05661

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

569 CA 23-01123

[*1]TYLER PAUL, PLAINTIFF-APPELLANT,
v
KELSEY LYONS, DEFENDANT-RESPONDENT. 

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MICHAEL J. SKONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered January 10, 2023. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he allegedly sustained when his vehicle was struck by a vehicle operated by defendant. Defendant thereafter moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Plaintiff appeals from the order granting that motion, and we reverse.
"On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). Once a defendant meets that initial burden, the burden shifts "to plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (id. at 1562 [internal quotation marks omitted]).
Here, defendant met her initial burden on the motion of establishing that the limitations period had expired. Pursuant to CPLR 214 (5), a three-year statute of limitations applies to an action to recover damages for personal injury. Plaintiff's cause of action accrued on June 27, 2019, the date of the accident (see Torres v Greyhound Bus Lines, Inc., 48 AD3d 1264, 1264-1265 [4th Dept 2008]), and plaintiff did not commence this action until June 29, 2022. However, in response, plaintiff established that the statute of limitations was tolled. On March 20, 2020, then-Governor Andrew Cuomo issued Executive Order (A. Cuomo) No. 202.8, which tolled "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules" (9 NYCRR 8.202.8). Then-Governor Cuomo issued a series of nine subsequent executive orders that extended the tolling period, eventually through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]). "A toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite and, in this instance, readily identifiable time period" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020], rearg denied 36 NY3d 962 [2021]). "[T]he period of the toll is excluded from the calculation of the time in which the plaintiff can commence an action" (id.).
In this case, 267 days of the 1,095-day limitation period had elapsed by the time the toll began on March 20, 2020. Upon the expiration of the toll on November 3, 2020, the remaining 828 days of the limitation period began to run again, expiring on February 10, 2023 (see Matter of New York City Tr. Auth. v American Tr. Ins. Co., 211 AD3d 643, 643 [1st Dept 2022]). Thus, the action was timely commenced on June 29, 2022 (see Harden v Weinraub, 221 AD3d 1460, 1462 [4th Dept 2023]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court