Brash v Richards (2021 NY Slip Op 03436)





Brash v Richards


2021 NY Slip Op 03436


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2020-08551
 (Index No. 1812/12)

[*1]Nikki Brash, appellant, 
v
Neil M. Richards, etc., et al., respondents, et al., defendant.


Goldstein & Goldstein, P.C., Brooklyn, NY (Benjamin S. Goldstein of counsel), for appellant.
Megan A. Lawless, Garden City, NY, for respondent Neil M. Richards.
Martin Clearwater & Bell, New York, NY (Barbara D. Goldberg of counsel), for respondent Harrison Mu.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County, entered October 2, 2020. Motion by the respondent Neil M. Richards to dismiss the appeal as untimely taken and on the ground that no appeal lies from an order determining a motion in limine. Separate motion by the respondent Harrison Mu to dismiss the appeal as untimely taken and on the ground that no appeal lies from an order determining a motion in limine.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is
ORDERED that the motions are denied.
The respondent Neil M. Richards moves, and the respondent Harrison Mu separately moves, to dismiss this appeal as untimely taken and on the ground that no appeal lies from an order determining a motion in limine. These motions raise the issue of whether a series of executive orders issued by Governor Andrew Cuomo, as a result of the COVID-19 pandemic, constitute a toll or, alternatively, a suspension of filing deadlines applicable to litigation in the New York courts. For the reasons that follow, we conclude that the subject executive orders constitute a toll of such filing deadlines. As a result, this appeal was timely taken.
A toll suspends the running of the applicable period of limitation for a finite time period, and "[t]he period of the toll is excluded from the calculation of the [relevant time period]" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8; see Foy v State of New York, 71 Misc 3d 605 [Ct Cl]). "Unlike a toll, a suspension does not exclude its effective duration from the calculation of the relevant time period. Rather, it simply delays expiration of the time period until the end date of the suspension" (Foy v State of New York, 71 Misc 3d at 608).
In this case, a copy of the order appealed from was served upon the appellant, with written notice of its entry, on October 2, 2020. CPLR 5513(a) provides that an appeal must be taken [*2]within 30 days of service of a copy of the order or judgment appealed from and written notice of its entry. The appellant served and filed a notice of appeal on November 10, 2020. According to the respondents, the notice of appeal was untimely served and filed, because, in their view, Governor Cuomo suspended filing deadlines in civil litigation in the New York courts until November 3, 2020. In contrast, the appellant argues that Governor Cuomo tolled such filing deadlines, meaning that the appellant had 30 days from November 3, 2020, to serve and file the notice of appeal. As a result, the appellant maintains that the notice of appeal, served and filed on November 10, 2020, was timely.
Executive Law § 29-a(1) provides that the Governor "may by executive order temporarily suspend specific provisions of any statute, local law, ordinance, or orders, rules or regulations, or parts thereof, of any agency during a state disaster emergency, if compliance with such provisions would prevent, hinder, or delay action necessary to cope with the disaster." Executive Law § 29-a(2)(d) provides that any such order "may provide for the alteration or modification of the requirements of such statute, local law, ordinance, order, rule or regulation suspended, and may include other terms and conditions."
On March 20, 2020 Governor Cuomo issued Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which provided:
"I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 19, 2020 the following:
"In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020."
Governor Cuomo later issued a series of nine subsequent executive orders that extended the suspension or tolling period, eventually through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72]). These subsequent executive orders either stated that the Governor "hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive," made in the prior executive orders (Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48, 202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.67, 8.202.72]) or contained nearly identical language to that effect (see Executive Order [A. Cuomo] Nos. 202.55, 202.55.1, 202.60 [9 NYCRR 8.202.55, 8.202.55.1, 8.202.60]). While most of the subsequent executive orders did not use the word "toll," Executive Order (A. Cuomo) No. 202.67 (9 NYCRR 8.202.67) issued on October 5, 2020, provided that the:
"suspension in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such date any such time limit will no longer be tolled."
Finally, Executive Order (A. Cuomo) No. 202.72 (9 NYCRR 8.202.72), issued on November 3, 2020, reiterated that the "toll" would no longer be in effect as of November 4, 2020 (see Executive Order [A. Cuomo] No. 202.72 [9 NYCRR 8.202.72]).
Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), expressly and plainly provided that the subject time limits were "hereby tolled," and two of the subsequent executive orders referred to the temporary alternation of the subject time limits as a "toll[ ]" (Executive Order [A. Cuomo] Nos. 202.67, 202.72 [9 NYCRR 8.202.67, 8.202.72]; see Foy v State of New York, 71 Misc 3d 605; Kugel v Broadway 280 Park Fee LLC, Jan. 28, 2021 at 17, col 2, 2021 NYLJ LEXIS 25 [Sup Ct, NY County]).
The respondents contend that even though Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) purported to toll the limitations periods, Governor Cuomo did not have the statutory authority to do so, as Executive Law § 29-a, while expressly granting the Governor the authority to suspend statutes, does not expressly grant the Governor the authority to "toll" them. This contention is unpersuasive. As stated above, Executive Law § 29-a(2)(d) provides that an order issued pursuant thereto "may provide for the alteration or modification of the requirements of such statute, local law, ordinance, order, rule or regulation suspended, and may include other terms and conditions." This language in Executive Law § 29-a(2)(d) indicates that the Governor is authorized to do more than just "suspend" statutes during a state disaster emergency; he or she may "alter[ ]" or "modif[y]" the requirements of a statute, and a tolling of time limitations contained in such statute is within that authority (see Foy v State of New York, 71 Misc 3d 605).
Furthermore, although the seven executive orders issued after Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) did not use the word "toll," those executive orders all either stated that the Governor "hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive," made in the prior executive orders (Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48]) or contained nearly identical language to that effect (see Executive Order [A. Cuomo] Nos. 202.55, 202.55.1, 202.60 [9 NYCRR 8.202.55, 8.202.55.1, 8.202.60]). Since the tolling of a time limitation contained in a statute constitutes a modification of the requirements of such statute within the meaning of Executive Law § 29-a(2)(d), these subsequent executive orders continued the toll that was put in place by Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8).
Therefore, the subject executive orders tolled the time limitation contained in CPLR 5513(a) for the taking of an appeal until November 3, 2020. Accordingly, the notice of appeal, which was served and filed on November 10, 2020, well within 30 days of November 3, 2020, was timely.
In addition, contrary to the respondents' contentions, the order appealed from is appealable as of right, as it decided motions made upon notice and affected a substantial right of the parties (see CPLR 5701[a][2][v]; Parker v Mobil Oil Corp., 16 AD3d 648, affd 7 NY3d 434).
Accordingly, we deny the respective motions to dismiss the appeal.
MASTRO, J.P., RIVERA, CHAMBERS and AUSTIN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court