Matter of Roach v Cornell Univ. (2022 NY Slip Op 04601)

Matter of Roach v Cornell Univ.

2022 NY Slip Op 04601

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533573
[*1]In the Matter of Michael Roach, Appellant- Respondent,
v
Cornell University et al., Respondents- Appellants.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

McLaughlin & Stern, LLP, New York City (Alan E. Sash of counsel), for appellant-respondent.
Cornell University, Ithaca (Conrad R. Wolan of counsel), for respondents-appellants.

Lynch, J.
Cross appeals from an order and judgment of the Supreme Court (Blaise III, J.), entered June 10, 2021 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Provost of Cornell University denying petitioner tenure and promotion.
Petitioner, an assistant professor at the Dyson School of Applied Economics and Management within respondent Cornell University (hereinafter the University), applied for tenure in both 2017 and 2019. Following a multi-tier review process, respondent Provost of the University wrote an email to other University officials, dated April 15, 2020, recommending the denial of petitioner's application. Petitioner was informed of the decision denying his tenure application on April 20, 2020.
On March 11, 2021, petitioner commenced the instant CPLR article 78 proceeding seeking to annul the University's decision as running afoul of University procedures and as arbitrary and capricious. Respondents' answer sought dismissal of the proceeding as time-barred, emphasizing that the petition was not filed within four months of the expiration of the Executive Orders tolling the statute of limitations for civil actions/proceedings during the COVID-19 pandemic. By order and judgment entered June 10, 2021, Supreme Court concluded that the proceeding was timely commenced but should be dismissed on the merits because the University substantially complied with its internal procedures and its determination was not arbitrary and capricious. Petitioner appeals and respondents cross-appeal.
As a threshold matter, respondents' cross appeal must be dismissed. "Aggrievement is a central and necessary component to invoke this Court's jurisdiction, and only an aggrieved party may [take an] appeal" to this Court (Matter of Brennan v Village of Johnson City, 192 AD3d 1287, 1288-1289 [2021] [citations omitted]; see CPLR 5511). "A successful party who has obtained the full relief sought is not aggrieved" within the meaning of CPLR 5511 (T.D. v New York State Off. of Mental Health, 91 NY2d 860, 862 [1997]; see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017]). Respondents' verified answer requested that "the [p]etition be denied and dismissed in its entirety." Having obtained such relief, respondents are not aggrieved and their cross appeal must be dismissed (see CPLR 5511; Matter of Brennan v Village of Johnson City, 192 AD3d at 1289).
Nevertheless, we will consider respondents' argument that the proceeding is time barred as an alternate ground for affirmance (see Matter of Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 175 AD3d 1703, 1705 [2019]; Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1108 n 1 [2018], lv denied 33 NY3d 908 [2019]). A CPLR article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding [*2]upon the petitioner" (CPLR 217 [1]; see Smith v State of New York, 201 AD3d 1225, 1228 [2022]). The parties agree that the claim accrued on April 20, 2020, when petitioner obtained notice of the decision denying his tenure application. Barring any tolls or suspensions, petitioner ordinarily would have had until August 20, 2020 to commence the instant proceeding. At issue is how that time frame was impacted during the COVID-19 pandemic.
On March 20, 2020 — before the final determination was made — then-Governor Andrew M. Cuomo signed Executive Order No. 202.8 in response to the public health crisis occasioned by the COVID-19 pandemic. As relevant here, that Executive Order "tolled" any "specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, . . . until April 19, 2020" (Executive Order [Cuomo] No. 202.8 [9 NYCRR 8.202.8]). This toll was extended through several subsequent Executive Orders, the last of which remained in effect until November 3, 2020 (see Executive Order [Cuomo] Nos. 202.14 [9 NYCRR 8.202.14]; 202.28 [9 NYCRR 8.202.28]; 202.38 [9 NYCRR 8.202.38]; 202.48 [9 NYCRR 8.202.48]; 202.55 [9 NYCRR 8.202.55]; 202.55.1 [9 NYCRR 8.202.55.1]; 202.60 [9 NYCRR 8.202.60]; 202.63 [9 NYCRR 8.202.63]; 202.67 [9 NYCRR 8.202.67]; 202.72 [9 NYCRR 8.202.72]).
Petitioner argues, and Supreme Court agreed, that the Executive Orders effectively extended the statute of limitations, contending that 228 days (the amount of time the Executive Orders remained in effect) should be added to August 20, 2020. Using this calculation, he contends that he had until April 5, 2021 to file the petition. We are unpersuaded. As explained by the Court of Appeals, "[a] toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite . . . time period; . . . the period of the toll is excluded from the calculation of the time in which the [petitioner] can commence an action [or proceeding]" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020] [emphasis added]). As noted by the Second Department in Brash v Richards (195 AD3d 582 [2021]), the March 20, 2020 Executive Order expressly used the word "toll" and, "although the . . . executive orders issued after [this one] did not use [that same word, they] all . . . stated that the Governor 'hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive,' made in the prior executive orders" (id. at 585, quoting Executive Order [Cuomo] Nos. 202.14 [9 NYCRR 8.202.14]; 202.28 [9 NYCRR 8.202.28]; 202.38 [9 NYCRR 8.202.38]; 202.48 [9 NYCRR 8.202.48]). We agree with the Second Department that "these subsequent executive orders continued the toll that was put in place by Executive Order . . . No. 202.8" and the statute of limitations began to run on November [*3]4, 2020 (Brash v Richards, 195 AD3d at 585). As the claim accrued when the toll was in effect and the toll extended to November 3, 2020, petitioner had four months from that date to commence the instant proceeding (see id. at 584-585). He failed to do so until March 11, 2021, a week too late, rendering the proceeding time-barred (compare id.). Accordingly, we affirm the dismissal of the petition.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the cross appeal is dismissed, without costs.
ORDERED that the order and judgment is affirmed, without costs.