McLaughlin v Snowlift, Inc. (2023 NY Slip Op 01186)

McLaughlin v Snowlift, Inc.

2023 NY Slip Op 01186

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-05769
 (Index No. 500999/21)

[*1]Christopher McLaughlin, respondent, 
v
Snowlift, Inc., appellant, et al., defendant.

Brown Gavalas & Fromm LLP, New York, NY (Fred G. Wexler and Frank J. Rubino, Jr., of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Snowlift, Inc., appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 20, 2021. The order granted that branch of the plaintiff's motion which was for leave to renew his opposition to the prior motion of the defendant Snowlift, Inc., pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, which had been granted in an amended order of the same court dated May 28, 2021, and, upon renewal, in effect, vacated the amended order and thereupon denied that defendant's prior motion.
ORDERED that the order is affirmed, with costs.
On January 13, 2021, the plaintiff commenced this action against the defendant Snowlift, Inc. (hereinafter Snowlift), and another defendant to recover damages for personal injuries the plaintiff allegedly sustained on January 4, 2018, due to Snowlift's negligence. Snowlift moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, arguing that the action was not timely commenced within the applicable three-year statute of limitations, as the plaintiff alleged that his injuries occurred on January 4, 2018, but did not commence this action until January 13, 2021, more than three years later. In an amended order dated May 28, 2021(hereinafter the May 2021 order), the Supreme Court granted Snowlift's motion. The court determined that, contrary to the plaintiff's contention, Executive Order (A. Cuomo) Nos. 202.8 and 202.67 (9 NYCRR 8.202.8, 8.202.67), enacted in March 2020 and October 2020, respectively, by then Governor Andrew Cuomo (hereinafter the executive orders) in response to the COVID-19 pandemic, acted to suspend, but not toll, the applicable statute of limitations, and therefore, the action was untimely commenced.
Thereafter, the plaintiff moved, inter alia, for leave to renew his opposition to Snowlift's motion, arguing that there was a change in the law that would change the determination in the May 2021 order. The plaintiff contended that this Court, in Brash v Richards (195 AD3d 582), which was issued days after the Supreme Court issued the May 2021 order, found that the [*2]executive orders served to toll the applicable statute of limitations. The plaintiff argued that, pursuant to Brash v Richards, the time period to commence this action was tolled for 228 days from March 20, 2020, until November 3, 2020, and, therefore, the action was timely commenced.
In an order dated July 20, 2021, the Supreme Court granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, denied Snowlift's motion to dismiss the complaint insofar as asserted against it. Snowlift appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]; see Dinallo v DAL Elec., 60 AD3d 620, 621). "A clarification of the decisional law is a sufficient change in the law to support renewal" (Dinallo v DAL Elec., 60 AD3d at 621; see Roundabout Theatre Co. v Tishman Realty & Constr. Co., 302 AD2d 272, 272).
Pursuant to CPLR 214(5), an action to recover damages for personal injuries is subject to a three-year statute of limitations. In Brash v Richards, which was issued after the May 2021 order was issued, this Court held that the executive orders "constitute a toll" of the filing deadlines applicable to litigation in New York courts (Brash v Richards, 195 AD3d at 582; see Murphy v Harris, 210 AD3d 410; Matter of Roach v Cornell Univ., 207 AD3d 931, 933).
Here, due to the tolling provision of the executive orders, the statute of limitations within which the plaintiff was required to commence this action was tolled between March 20, 2020, and November 3, 2020, a period of 228 days (see Murphy v Harris, 210 AD3d 410; Matter of Roach v Cornell Univ., 207 AD3d at 933; Brash v Richards, 195 AD3d at 582). Thus, this action, which was commenced on January 13, 2021, was commenced well within the statute of limitations.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, properly denied Snowlift's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
Snowlift's remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court