Matter of Isaiah H. (2023 NY Slip Op 01587)

Matter of Isaiah H.

2023 NY Slip Op 01587

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, J.P., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Docket No. D-03114/21, D-03115/21, D-03120/21 Appeal No. 17567-17567A-17567B Case No. 2021-04425 

[*1]In the Matter of Isaiah H., A Person Alleged to be a Juvenile Delinquent, Respondent. Presentment Agency

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for Presentment Agency.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), for respondent.

Orders, Family Court, New York County (Jessica Bourbon, J.), entered on or about October 20, 2021, which granted respondent's motion to dismiss the petitions charging him with acts, which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fifth degree, and petit larceny, unanimously reversed, on the law and the facts, without costs, the motion denied, the petitions reinstated, and the matter remanded to Family Court for further proceedings.
Family Court erred in dismissing the petitions as untimely filed. By Executive Order No. 8.202.8, issued on March 20, 2020 due to the Covid-19 pandemic, the "time limit[s] for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state" were "tolled" (9 NYCRR 8.202.8; see Matter of Oustatcher v Clark, 198 AD3d 420, 421 [1st Dept 2021]). "A toll suspends the running of the applicable period of limitation for a finite time period, and the period of the toll is excluded from the calculation of the relevant time period" (Brash v Richards, 195 AD3d 582 [2d Dept 2021] [internal quotation marks and brackets omitted]). However, a suspension "simply delays expiration of the time period until the end date of the suspension" (id.). By its plain terms, Executive Order 8.202.8 tolled the statute of limitations (e.g. Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]; Matter of Roach v Cornell Univ., 207 AD3d 931, 933 [3d Dept 2022]; Little v Steelcase, Inc., 206 AD3d 1597, 1599-1600 [4th Dept 2022]; Oustatcher, 198 AD3d at 421; Brash, 195 AD3d at 582), until that order and subsequent Executive Orders extending the tolling period were rescinded by Executive Order 8.210, issued on June 24, 2021 and effective the next day (9 NYCRR 8.210).
Since the period of the toll must be excluded from the calculation of the filing deadline (see Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020]), the juvenile delinquency petitions were timely filed on July 2,2021. Respondent allegedly committed his first unlawful act on December 21, 2019. Normally, the filing deadline for the petitions would have been respondent's 18th birthday — June 7, 2021, which was 534 days after he allegedly committed the first act. When the first executive order took effect on March 20, 2020, there were 444 days remaining before respondent's 18th birthday. By adding 444 days to June 24, 2021, when the executive order's tolling provisions were terminated, the Agency's deadline for filing the petitions was August 25, 2022. Here, the Agency refiled and served the second set of petitions on July 2, 2021, only eight days after the executive orders were rescinded.
The order rescinding the prior Executive Orders meant that the statute of limitations would start running again, "picking up where it left off" (Artis v District of Columbia[*2], __ U.S. __, 138 S Ct 594, 601 [2018]). We also note that Family Court's narrow interpretation of the Executive Order would deprive respondent of the benefits of Family Court intervention (see generally Matter of Randy K., 77 NY2d 398, 402 [1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023