Williams v Ideal Food Basket, LLC (2023 NY Slip Op 04436)

Williams v Ideal Food Basket, LLC

2023 NY Slip Op 04436

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-03192
 (Index No. 523338/20)

[*1]Vanessa Williams, appellant, 
v
Ideal Food Basket, LLC, defendant, Feil-BLS, LLC, et al., respondents.

Mills & Edwards, LLP, New York, NY (Lennon Edwards and Rosamaria DeFranscisco of counsel), for appellant.
Ropers Majeski, P.C., New York, NY (John W. Hanson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 8, 2022. The order granted the motion of the defendants Feil-BLS, LLC, and Broadwall Management Corp. pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Feil-BLS, LLC, and Broadwall Management Corp. pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred is denied.
On November 23, 2020, the plaintiff filed a summons and complaint naming only Ideal Food Basket, LLC (hereinafter Ideal), as a defendant. On March 4, 2021, the plaintiff filed an amended complaint, among other things, naming Feil-BLS, LLC (hereinafter Feil-BLS), and Broadwall Management Corp. (hereinafter Broadwall) as defendants in addition to Ideal. The plaintiff alleged that she sustained personal injuries on January 10, 2018, due to the defendants' negligence. Feil-BLS and Broadwall moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred, contending that the action was not timely commenced against them within the applicable three-year statute of limitations. By order dated March 8, 2022, the Supreme Court granted the motion of Feil-BLS and Broadwall to dismiss the amended complaint insofar as asserted against them as time-barred. The plaintiff appeals.
On appeal, the plaintiff has abandoned the arguments she originally made in [*2]opposition to the motion. She contends instead that Executive Order (A. Cuomo) Nos. 202.8 and 202.67 (9 NYCRR 8.202.8, 8.202.67), enacted by then-Governor Andrew Cuomo (hereinafter the executive orders) in response to the COVID-19 pandemic, acted to toll the applicable statute of limitations from March 20, 2020, until November 3, 2020, and therefore, this action was timely commenced against Feil-BLS and Broadwall. Although this argument is raised for the first time on appeal, we reach the argument because it presents a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see MTGLQ Invs., L.P. v Baksh, 215 AD3d 666, 668; Matter of New York City Tr. Auth. v American Tr. Ins. Co., 211 AD3d 643, 643; Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 145; Federal Natl. Mtge. Assn. v Walter, 199 AD3d 889, 890; Franklin v Hafftka, 140 AD3d 922, 924; Loiacono v Goldberg, 240 AD2d 476, 477).
Pursuant to CPLR 214(5), an action to recover damages for personal injuries is subject to a three-year statute of limitations. In Brash v Richards, this Court held that the executive orders "constitute a toll" of the filing deadlines applicable to litigation in New York courts (Brash v Richards, 195 AD3d 582, 582; see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721; Murphy v Harris, 210 AD3d 410, 411; Matter of Roach v Cornell Univ., 207 AD3d 931, 933). Contrary to the contention of Feil-BLS and Broadwall, this toll of the statute of limitations did not only apply to statutes of limitations that expired between March 20, 2020, and November 3, 2020 (see McLaughlin v Snowlift, Inc., 214 AD3d at 721).
Accordingly, in this case, due to the tolling provision of the executive orders, the statute of limitations within which the plaintiff was required to commence this action was tolled between March 20, 2020, and November 3, 2020 (see id.; Murphy v Harris, 210 AD3d at 411; Matter of Roach v Cornell Univ., 207 AD3d at 933; Brash v Richards, 195 AD3d at 582). Thus, this action, which was commenced against Feil-BLS and Broadwall on March 4, 2021, was commenced against those defendants well within the statute of limitations.
Accordingly, the Supreme Court should have denied the motion of Feil-BLS and Broadwall to dismiss the amended complaint insofar as asserted against them as time-barred.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court