Pryce v Nationstar Mtge., LLC (2024 NY Slip Op 00921)

Pryce v Nationstar Mtge., LLC

2024 NY Slip Op 00921

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-06380 
2021-06382
 (Index Nos. 4283/17, 5923/17)

[*1]Cassius Pryce, appellant, 
v
Nationstar Mortgage, LLC, respondent, et al., defendants. (Action No. 1.)
Bank of New York Mellon, etc., respondent,
v
Cassius Pryce, appellant, et al., defendants. (Action No. 2.)

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent in Action No. 1 and respondent in Action No. 2.

DECISION & ORDER
In related actions, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage (Action No. 1), and to foreclose that mortgage (Action No. 2), which were joined for discovery and trial, Cassius Pryce, the plaintiff in Action No. 1 and a defendant in Action No. 2, appeals from two orders of the Supreme Court, Orange County (Catherine M. Bartlett, J.), both dated August 16, 2021. The first order, insofar as appealed from, denied the motion of Cassius Pryce for leave to renew his prior motion for summary judgment on the complaint insofar as asserted against the defendant Nationstar Mortgage, LLC, in Action No. 1, which had been denied in a prior order of the same court dated June 5, 2018. The second order, inter alia, granted the cross-motion of Bank of New York Mellon, the plaintiff in Action No. 2, for an order of reference in Action No. 2.
ORDERED that the first order dated August 16, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the second order dated August 16, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In these related actions concerning a mortgage, the appellant moved for leave to renew his prior motion for summary judgment on the complaint insofar as asserted against the defendant Nationstar Mortgage, LLC (hereinafter Nationstar), in the action that he had commenced pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Nationstar opposed the motion. Bank of New York Mellon (hereinafter BNYM), Nationstar's successor in interest, cross-moved for an order of reference in the action it had commenced to foreclose the mortgage. In an [*2]order dated August 16, 2021, the Supreme Court, inter alia, denied the appellant's motion. In a second order dated August 16, 2021, the court, among other things, granted BNYM's cross-motion. The appellant appeals from both orders.
As relevant here, a motion for leave to renew must demonstrate that there has been a change in the law that would change the prior determination (see CPLR 2221[e][2]; Select Portfolio Servicing, Inc. v Sampson, 216 AD3d 695). "A clarification of the decisional law is a sufficient change in the law to support renewal" (McLaughlin v Snowlift, Inc., 214 AD3d 720, 721 [internal quotation marks omitted]). Here, however, the appellant failed to show that there was a change in law that would have changed the prior determination (see Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729). Accordingly, the Supreme Court properly denied the appellant's motion for leave to renew.
The appellant has failed to articulate any basis to disturb the second order appealed from, which, among other things, granted BNYM's cross-motion for an order of reference. Accordingly, we also affirm the second order appealed from.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court