| **Lai v Muamba** |
| 2024 NY Slip Op 32324(U) |
| July 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154278/2021 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. LISA S. HEADLEY**

*Justice*

PART    28M

-------------------------------------------------------------------------------X

DAVID LAI,

INDEX NO.    154278/2021

Plaintiff,

MOTION DATE    03/13/2024

- v -

MOTION SEQ. NO.    009

CONSTANTIN MUAMBA, DENA MULLER, JOHN DOE, JANE DOE,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281

were read on this motion to/for                                   VACATE STAY                                   .

Plaintiff, David Lai ("plaintiff"), moves this Court for an Order to vacate the Emergency Rental Assistance Program ("ERAP") stay of this action, and to grant plaintiff summary judgment, including (a) judgment of possession of Apartment #3 or the third floor of the building, 33 West 127th Street, New York, New York 10027 (the "Premises"), and (b) money judgment in the sum of $60,450.00 for unpaid rental arrears and use and occupancy due through October 2023. In the instant motion, the plaintiff also seeks leave to renew and reargue motion sequence number 006 to adjust the record to reflect that the $35,600 PayPal payment referenced in the Court's decision on the motion was refunded by PayPal to defendant Dena Muller.

The *pro se* defendant, Dena Muller, submitted opposition to the plaintiff's motion, and filed a cross-motion, pursuant to *CPLR §§325, 602,* and *2201,* to stay this action and to remove this case to the Civil Court of the City of New York, County of New York so that this case may be consolidated with the pending landlord/tenant matter, *Dena Muller v. David Lai,* LT-315372/2022/NY. The plaintiff submitted an affidavit in reply.

On March 13, 2024, this Court scheduled a conference on the instant motion, and the plaintiff appeared, however, the defendant, Dena Muller, failed to appear. The plaintiff informed the Court that the defendant, Dena Muller, had vacated the premises. Therefore, the Court instructed plaintiff to submit supporting documents of the defendant's vacatur of the premises.

**154278/2021  LAI, DAVID vs. MUAMBA, CONSTANTIN**
**Motion No.  009**

**Page 1 of 5**

I.      **Plaintiff's Motion to Vacate Stay and for Summary Judgment**

In support of the motion, plaintiff submits, *inter alia*, the affidavit of David Lai (*NYSCEF Doc. No. 265*) , the deed for the premises (*NYSCEF Doc. No. 266*), the lease agreement with defendants for the premises, dated May 15, 2012 (*NYSCEF Doc. No. 267*), the Pay Pal refund confirmation dated December 30, 2022 (*NYSCEF Doc. No. 269*), and the rent ledger for the period April 2020 to October 2023 (*NYSCEF Doc. No. 270*). Plaintiff contends that more than one year has elapsed since the defendants' ERAP payments were made towards the August 2022 rent. *Id.* Specifically, plaintiff submits that the last ERAP payment made to plaintiff on behalf of the defendants was on July 31, 2022, which covered the period through and including August 31, 2022. Therefore, the plaintiff argues that the one-year stay of the action due to ERAP protections has expired.

II.     **Defendant Dena Miller's Opposition to the Motion and Cross-Motion**

In opposition, defendant, Dena Miller, contends that the instant matter is intertwined with a pending Landlord and Tenant matter in New York Housing Court because the plaintiff is not entitled to rental payment that was owed since April 2020 because there are repairs needed in the premises. It should be noted that this Court issued a Decision and Order, dated December 13, 2022, which denied all reliefs that were related to repairs because of the pending HP Action in New York County Housing Court, bearing  index number LT-315372-22/NY.  Further, on March 20, 2024, the Housing Court case was dismissed due to defendants' vacatur from the premises. Therefore, this court will not entertain any of  the defendant's arguments as it pertains to repairs and harassment. Accordingly, the defendant's cross-motion is denied.

III.    **Discussion**

"A motion for leave to reargue pursuant to *CPLR §2221* is addressed to the sound discretion of the court and may be granted only upon a showing 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision'." *William P. Pahl Equip. Corp. v. Kassis*, 182 A.D.2d 22, 27 (1st Dep't 1992).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination." *McLaughlin v. Snowlift, Inc.*, 214 A.D.3d 720, 721 (2d Dep't 2023), *quoting CPLR §2221(e)(2).*

154278/2021   LAI, DAVID vs. MUAMBA, CONSTANTIN                                    Page 2 of 5
Motion No.  009

2 of 5

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986).

By previous Order of the Court dated October 28, 2021, the plaintiff was granted a declaratory judgment and the defendants' right to use and occupy the premises was terminated effective as of March 31, 2021. (*See, NYSCEF Doc. No. 33*). The Order further stated that defendants were 1) liable for unpaid monthly rent from April 1, 2020 (i.e., date of defendants' last payment) through March 31, 2021 (i.e., date that defendants' lease terminated), and 2) liable for use and occupancy from the period beginning April 1, 2021, plus all pre-judgment interest, costs, and disbursements to be calculated by the Clerk. The October 28, 2021, Order further specified that commencing on November 1, 2021, defendants were directed to pay use and occupancy to plaintiff in the amount of $3,100 per month on a foregoing basis, *pendente lite*, and such payments shall be due by the 10th of each month. On July 19, 2022, the Notice of Entry of the signed Judgment was filed. (*See, NYSCEF Doc. No. 82*).

Here, this Court finds that the defendants have failed to comply with the October 28, 2021, Order, including by failing to make ongoing payments of use and occupancy. There is no dispute that the plaintiff did not receive the $35,600.00 owed by defendants. Plaintiff submits the confirmation page, which indicates that the sum of $35,600.00 was refunded to the defendant's PayPal account. (*NYSCEF Doc. No. 269*). Plaintiff also argues that defendant, Dena Muller, confirmed that she was notified by PayPal that it would take 3 to 10 business days for the refunded money to be posted to her account. (*NYSCEF Doc. No. 268*). In opposition, defendant Dena Muller argues that the plaintiff voluntarily refunded the money to PayPal. However, this Court finds the defendant's argument to be unavailing. As such, the portion of plaintiff's motion seeking leave to renew and reargue Motion Sequence Number 006 to adjust the record to reflect that the $35,600 PayPal payment referenced in the Court's decision on the motion was refunded by PayPal to defendant Dena Muller is granted. Accordingly, the record shall now reflect that the PayPal amount of $35,600 was refunded by PayPal to defendant Dena Muller and the plaintiff is still owed same.

**154278/2021   LAI, DAVID vs. MUAMBA, CONSTANTIN**
**Motion No.  009**

**Page 3 of 5**

3 of 5

[* 3]

During the court conference held On March 13, 2024, the plaintiff's counsel informed the Court that the defendant vacated the premises. Subsequently, the plaintiff, David Lai, submitted to this Court a supplemental affidavit, photographs of the empty premises, and text messages from defendant Dena Muller evidencing surrender of the subject premises. The plaintiff submits that the defendant Muller provided written notice dated February 21, 2024, that she surrendered the premises on February 20, 2024. In a text message from defendant Dena Muller, it states, "we vacated the apartment yesterday a few weeks later than intended, but finally and completely."…..My cousin has the mailbox key and is going to check and pick up mail until March 1 or so to make sure the mail forwarding order goes through. He'll leave the keys for you after March 1. Constantin has the other set of keys."

Plaintiff also submitted to the Court a Rent and Use & Occupancy Ledger from April 2020 through February 20, 2024, which represents the defendants' vacatur/surrender date. Plaintiff's supplemental affirmation indicates that as of October 2023, the sum of $60,450.00 is due and outstanding for unpaid rent, in addition to the amount of $11,437.93 for arrears accrued in rent from November 1, 2023, through the surrender date of February 20, 2024, for a total amount owed to plaintiff in the amount of $71,887.93. The Court finds that the plaintiff has demonstrated a *prima facie* showing of entitlement to summary judgment, and has tendered sufficient evidence to demonstrate the absence of any material issues of fact as to the amount due and owing to plaintiff in the amount of $71,887.93.

Accordingly, it is hereby

**ORDERED** that the portion of plaintiff's motion seeking leave to renew and reargue Motion Sequence Number 006 to adjust the record to reflect that the $35,600 PayPal payment referenced in the Court's decision on the motion was refunded by PayPal to defendant Dena Muller is GRANTED and the record shall now reflect that the PayPal amount of $35,600 was refunded by PayPal to defendant Dena Muller and the plaintiff is still owed same; and it is further

**ORDERED** that the portion of the plaintiff's motion to vacate the ERAP stay is GRANTED as the stay has expired and the Plaintiff is entitled to an award of ejectment, due to a prior award of a declaratory judgment in favor of plaintiff that the defendants' lease and right to use and occupy the premises were properly terminated as of March 31, 2021, however, the ejectment action is moot as the defendants have vacated the premises on February 20, 2024; and it is further

154278/2021   LAI, DAVID vs. MUAMBA, CONSTANTIN
Motion No. 009

Page 4 of 5

[* 4]

**ORDERED** that plaintiff is **awarded legal restoration and actual possession** of the subject premises, Apartment 3, located at 33 West 127th Street, New York, New York; and it is further

**ORDERED** that a money judgment representing rental arrears and use and occupancy is entered in favor of the plaintiff, David Lai, against defendants, Constantin Muamba and Dena Muller, jointly and severally liable in the amount of $71,887.93, plus pre-judgment interest from April 20, 2021, costs and disbursements to be calculated by the Clerk and the Clerk shall enter the money judgment; and it is further

**ORDERED** that defendant's cross-motion to stay and remove this case to the Civil Court of the City of New York, County of New York so that it may be consolidated is DENIED; and it is further

**ORDERED** that counsel for plaintiff shall serve a copy of this order, with notice of entry, upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment; accordingly, and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases; and it is further

**ORDERED** that any relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| **7/9/2024** | | |
| **DATE** | | **LISA S. HEADLEY, J.S.C.** |

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [ ] DENIED | [X] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

154278/2021   LAI, DAVID vs. MUAMBA, CONSTANTIN
Motion No.  009

Page 5 of 5