Fuhrmann v Town of Riverhead (2024 NY Slip Op 04248)

Fuhrmann v Town of Riverhead

2024 NY Slip Op 04248

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07464
 (Index No. 620139/21)

[*1]Erich Fuhrmann, etc., appellant, 
v
Town of Riverhead, et al., respondents.

Clark Law Group, P.C., Melville, NY (Theresa M. Clark of counsel), for appellant.
McGiff Halverson Dooley, LLP, Patchogue, NY (Stephen J. McGiff and Justine Tocci of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated August 3, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On October 25, 2021, the plaintiff, by his mother and natural guardian, commenced this action to recover damages for personal injuries against the defendants, Town of Riverhead and Town of Riverhead Recreation Department. The plaintiff alleged that he was injured on May 24, 2019, when he was seated on a swing that collapsed at a playground owned and operated by the defendants, causing him to fall to the ground. Thereafter, the defendants moved for summary judgment dismissing the complaint as time-barred, arguing that the action was not timely commenced within the applicable one-year and 90-day statute of limitations. In an order dated August 3, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Pursuant to General Municipal Law § 50-i and CPLR 217-a, an action against a municipality to recover damages for personal injuries must be commenced within one year and 90 days after the happening of the event upon which the claim is based. Here, the defendants established, prima facie, that the applicable statute of limitations started to run from January 5, 2020, the date on which the plaintiff turned 18 years old (see CPLR 208), and that the action was not timely commenced within one year and 90 days from that date by April 5, 2021 (see Artup v Simeone, 189 AD3d 1143, 1145). However, in opposition, the plaintiff established that Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which was issued in connection with the COVID-19 public health crisis, and subsequent executive orders extending the duration thereof, tolled the applicable statute of limitations for a 228-day period from March 20, 2020, to November 3, 2020, and thus, the action was timely commenced prior to the expiration of the statute of limitations on November 19, 2021 (see McLaughlin v Snowlift, Inc., 214 AD3d 720, 720-722; Murphy v Harris, 210 AD3d 410; Brash v Richards, 195 AD3d 582).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court