| |
|:---:|
| **Lieberman v Tessler** |
| 2024 NY Slip Op 33672(U) |
| October 11, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 525049/2021 |
| Judge: Richard Velasquez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 66 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 11th day of OCTOBER, 2024

P R E S E N T:
HON.  RICHARD VELASQUEZ

Justice.

-------------------------------------------------------------------------------X

SHNEUR ZALMAN LIEBERMAN,

                                    Plaintiff,               Index No.: 525049/2021

    -against-                                       Decision and Order

REFAEL FOLLI TESSLER,                        Mot. Seq. No. 4

                                  Defendants,

-------------------------------------------------------------------------------X

Recitation in accordance with CPLR 2219(a) of the papers considered

The following *papers NYSCEF* Doc #'s \_30\_\_ to \_\_43\_\_ read on this motion:

| Papers | NYSCEF DOC NO.'s |
|---|---|
| Notice of Motion/Order to Show Cause | |
| Affidavits (Affirmations) Annexed | 30-34 |
| Opposing Affidavits (Affirmations) | 40 |
| Reply Affidavits | 41-43 |

       After having come before the Court on July 17, 2024 and the court having heard oral argument and after review of the foregoing submissions the court finds as follows:

       Plaintiffs move this court by motion for an Order granting leave to reargue and/or renew, pursuant to CPLR § 2221, the Court's Decision and Order dated October 11, 2023 and entered on October 12, 2023 (NYSCEF Dkt. No. 28) granting Defendant Refael Folli Tessler's ("Defendant") Motion to Dismiss each of Plaintiff's causes of actions in the Complaint pursuant to CPLR § 3211(a)(5) (Mot. Seq. No. 2), and upon granting leave to

Page **1** of **5**

[* 1]

reargue and/or renew, vacating the Decision and Order and denying Defendant's Motion to Dismiss. Defendants oppose the same.

## ARGUMENTS

Plaintiffs contends this motion to reargue is made on the basis that In light of two new controlling cases from the Second Department, which are directly contrary to the Court's Decision, Plaintiff requests that the Court grant reargument and/or renewal, vacate the Decision, and deny Defendant's Motion to Dismiss.

Defendant contends the court should deny this motion because the court did not misapply the law.

## ANALYSIS

CPLR 2221 in pertinent part states: "(d) A motion for leave to reargue: 1. shall be identified specifically as such; 2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and 3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. CPLR 2221(d)(2) articulates the standards previously outlined in the caselaw. A motion to reargue, it says: "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion. CPLR 2221.

Under the caselaw existing prior to the 1999 amendments, a motion for re-argument was often used when there was a change in the law after the prior order. CPLR 2221(e)(2) now clarifies that the motion to renew, not the motion to reargue, is the proper expedient when the motion is based on a change in the law that occurs while the case is

[* 2]

still subjudice, such as a new statute taking effect or a definitive ruling on a relevant point of law being handed down by an appellate court that is entitled to stare decisis. *See Siegel, New York Practice* 449 (4th ed. 2005). The distinction, made clear in the caselaw and now embodied in the statute, is that the motion to renew involves new proof while the motion to reargue does not; it merely seeks to convince the court that it overlooked or misapprehended something the first time around and ought to change its mind. NY CPLR 2221. Additionally, A court has inherent discretionary power to vacate an order or judgment in the interests of substantial justice. *See Woodson v. Mendon Leasing Corp.*, 100 NY2d 62, 760 NYS2d 727, 790 NE2d 1156 (2003).

In the present case, plaintiffs' counsel has pointed out in this court's previous decision the court determined that "although, plaintiff contends the statute of limitations was tolled by the Executive orders this court disagrees. Regardless of whether the Executive order tolled or suspended the statute of limitations it does not apply to this matter because the periods for commencement do not fall within the tolling period." *See* (Decision, pg. 2) (*citing Baker v. 40 Wall Street Holdings Corp., et. al.*, 74 Misc.3d 381161 NYS3d 7232022 N.Y. Slip Op. 22002, "wherein the court found statute of limitations fell outside of the tolling period, it was not affected in any way by the Executive Orders."). Since said decision was entered numerous binding decisions from the Appellate Division, Second Department now hold to the contrary. Specifically, the toll under the Executive Orders is not restricted to limitations periods that otherwise would have expired during the time period when the Executive Orders were in effect, but rather applies to limitations periods that had commenced but not yet expired prior to the issuance of the Executive Orders. *See Brash v. Richards,* 195 AD3d 582, 149 NYS3d 560 (2021*); McLaughlin v.*

[* 3]

*Snowlift, Inc.*, 214 AD3d 720, 185 NYS3d 212 (2d Dep't 2023) ("McLaughlin"), and *Williams v. Ideal Food Basket, LLC*, 219 AD3d 917, 195 NYS3d 506 (2d Dep't 2023) ("Williams").

Moreover, it is well established that "A toll suspends the running of the applicable period of limitation for a finite time period, and "[t]he period of the toll is excluded from the calculation of the [relevant time period]" (*Chavez v Occidental Chem. Corp.*, 35 NY3d 492, 505 n 8 [2020]; *see Foy v State of New York*, 71 Misc 3d 605 [Ct Cl 2021]). "Unlike a toll, a suspension does not exclude its effective duration from the calculation of the relevant time period. Rather, it simply delays expiration of the time period until the end date of the suspension" (*Foy v State of New York*, 71 Misc 3d at 608); quoting *Brash v. Richards*, 195 AD3d 582, 149 NYS3d 560 (2021). As such, it is abundantly clear this court misapplied the law and should have added an additional 228 days to the time plaintiff had to file the complaint since it has now been made clear by the Appellate Division that the Governor issued a toll for the 228 day period. After adding the additional 228 days to the present case the plaintiff filed the complaint within the statute of limitations. As such plaintiff's motion to renew and reargue must be granted.

Accordingly, Plaintiffs request to reargue is granted and upon reargument this Court hereby vacates the Decision and Order dated October 11, 2023 which dismissed the action, and further orders that Defendant Refael Folli Tessler's ("Defendant") Motion to Dismiss each of Plaintiff's causes of actions in the Complaint pursuant to CPLR § 3211(a)(5) (Mot. Seq. No. 2), is hereby denied, plaintiff filed the complaint within the statue of limitations. This matter is hereby restored to the calendar and shall proceed the clerk is directed to enter the same.

Page **4** of **5**

[* 4]

This constitutes the Decision/Order of the court.

Dated:    Brooklyn, New York
          October 11, 2024      ENTER FORTHWITH:

_____
HON. RICHARD VELASQUEZ

[* 5]