Bank of Am., N.A. v Levada (2025 NY Slip Op 05056)

Bank of Am., N.A. v Levada

2025 NY Slip Op 05056

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00564
 (Index No. 8063/13)

[*1]Bank of America, N.A., respondent, 
v
Maria Levada, appellant, et al., defendants.

Charles Wallshein, Melville, NY, for appellant.
LOGS Legal Group LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria Levada appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 8, 2023. The order, insofar as appealed from, granted the plaintiff's motion for leave to renew its opposition to the prior motion of the defendant Maria Levada, inter alia, for leave to renew her opposition to the plaintiff's prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant Maria Levada and for an order of reference, which had been granted in an order of the same court entered November 18, 2022, and, upon renewal, vacated the order entered November 18, 2022, and thereupon, in effect, denied the prior motion of the defendant Maria Levada.
ORDERED that the order entered November 8, 2023, is affirmed insofar as appealed from, with costs.
In 2013, the plaintiff commenced this action against the defendant Maria Levada (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Nassau County. In August 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated February 21, 2018, the Supreme Court granted the plaintiff's motion, and a judgment of foreclosure and sale was entered on May 21, 2018.
In March 2022, the defendant moved, among other things, for leave to renew her
opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered November 18, 2022 (hereinafter the November 2022 order), the Supreme Court, among other things, granted leave to renew and, upon renewal, vacated the judgment of foreclosure and sale on the ground that this Court's decision and order in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317) regarding strict compliance with the notice requirements of RPAPL 1304 would change that prior determination, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
Thereafter, upon the Court of Appeals' reversal in February 2023 of this Court's [*2]decision and order in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d at 326) regarding the notice requirements of RPAPL 1304, the plaintiff moved for leave to renew its opposition to the defendant's prior motion, among other things, for leave to renew her opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered November 8, 2023, the Supreme Court, among other things, granted leave to renew and, upon renewal, vacated the November 2022 order and, thereupon, in effect, denied the defendant's prior motion. The defendant appeals.
"As relevant here, a motion for leave to renew must demonstrate that there has been a change in the law that would change the prior determination" (Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858; see CPLR 2221[e][2]; Select Portfolio Servicing, Inc. v Sampson, 216 AD3d 695, 695). "A clarification of the decisional law is a sufficient change in the law to support renewal" (U.S. Bank N.A. v Hall-Davis, 232 AD3d 696, 697 [internal quotation marks omitted]; see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721).
Here, the plaintiff demonstrated that there had been a change in decisional law that would have altered the Supreme Court's determination in the November 2022 order (see Wells Fargo Bank, N.A v Smart, 234 AD3d 1016, 1018). Thus, the court properly granted that branch of the plaintiff's motion which was for leave to renew its opposition to the defendant's prior motion and, upon renewal, properly granted that branch of the plaintiff's motion which was to vacate the November 2022 order and, thereupon, in effect, denied the defendant's prior motion (see Deutsche Bank Natl. Trust Co. v Cincu, 228 AD3d 825, 827; McLaughlin v Snowlift, Inc., 214 AD3d at 721).
The defendant's remaining contentions are not properly before this Court.
Accordingly, we affirm the order entered November 8, 2023, insofar as appealed from.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court