Baker v 40 Wall St. Holdings Corp. (2024 NY Slip Op 01790)

Baker v 40 Wall St. Holdings Corp.

2024 NY Slip Op 01790

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-00215
 (Index No. 513153/19)

[*1]Lola Joseph Baker, appellant,
v
40 Wall Street Holdings Corp., et al., defendants, Star-Delta Electric, LLC, respondent (and a third-party action).

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (Michael J. Marone and Brian L. Battisti of counsel), for resondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 5, 2022. The order granted the motion of the defendant Star-Delta Electric, LLC, pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Star-Delta Electric, LLC, pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-barred is denied.
The plaintiff alleges that she sustained personal injuries on March 1, 2018, when she was hit by a falling piece of debris. In June 2019, the plaintiff filed a summons and complaint naming only 40 Wall Street Holdings Corp. and the Trump Corporation as defendants. In March 2021, the plaintiff filed a supplemental summons and amended complaint, adding Integrated Systems and Services, Inc., as a defendant. Integrated Systems and Services, Inc., thereafter commenced a third-party action against Star-Delta Electric, LLC (hereinafter Star-Delta), seeking, inter alia, indemnification and contribution. Subsequently, on July 29, 2021, the plaintiff filed a second supplemental summons and second amended complaint, adding Star-Delta as a defendant. Star-Delta moved pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-bared, contending that the action was not timely commenced against it within the applicable three-year statute of limitations. By order dated January 5, 2022, the Supreme Court granted Star-Delta's motion. The plaintiff appeals.
Pursuant to CPLR 214(5), an action to recover damages for personal injuries is subject to a three-year statute of limitations. "In Brash v Richards, this Court held that [Executive Order Nos. 202.8 and 202.67 (9 NYCRR 8.202.8, 8.202.67)] 'constitute a toll' of the filing deadlines applicable to litigation in New York courts" (Williams v Ideal Food Basket, LLC, 219 AD3d 917, 918, quoting Brash v Richards, 195 AD3d 582, 582; see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721). Contrary to Star-Delta's contention, "this toll of the statute of limitations did not only apply to statutes of limitations that expired between March 20, 2020, and November 3, 2020" [*2](Williams v Ideal Food Basket, LLC, 219 AD3d at 918).
Here, due to the tolling provision of the executive orders, the statute of limitations within which the plaintiff was required to commence this action was tolled between March 20, 2020, and November 3, 2020, a period of 228 days (see McLaughlin v Snowlift, Inc., 214 AD3d at 721). Thus, this action, which was commenced against Star-Delta on July 29, 2021, was commenced against that defendant within the statute of limitations.
Accordingly, the Supreme Court should have denied the motion of Star-Delta pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-barred.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.

2022-00215 DECISION & ORDER ON MOTION
Lola Joseph Baker, appellant,
v 40 Wall Street Holdings, Corp., et al., defendants,
Star-Delta Electric, LLC, respondent (and a third-party action).
(Index No. 513153/19)

Appeal from an order of the Supreme Court, Kings County, dated January 5, 2022. Motion by the appellant to strike the respondent's brief on the ground that it raises certain arguments for the first time on appeal. By decision and order on motion of this Court dated September 25, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court